PER CURIAM.
The appellant Philip R. Fixel filed an action against Charles J. Steingold and Anne Steingold his wife, Stuart Steingold and Charles Stuart Motor Company on certain promissory notes made by the defendant corporation and endorsed by the defendant Charles J. Steingold, and seeking a decree imposing an equitable lien on certain property as security for the indebtedness evidenced by the notes. The basis of the claim of equitable lien was an alleged agreement by the borrower that as *270 soon as an existing mortgage on the property” was satisfied a mortgage would be given to the plaintiff to secure the advances.
There were five separate loan advances made between January 18, 1966, and July 7, 1967. The property involved was owned by the Steingolds individually and was used by the corporation. At the outset there was nothing in writing relating to the giving of mortgage security. After $60,000 had been advanced, and coincident •with a further advance of $35,000 on May 1, 1967 (which was to be followed by a final advance of $5,000 on July 7, 1967), the corporation gave plaintiff a letter stating: “In accordance with our agreement, we promise as soon as we receive a release on our property from the Mercantile National Bank of Miami Beach, to reassign the mortgage to you.” The record discloses that on May 2, 1967, there was recorded a mortgage satisfaction dated April 14, 1967, given by Mercantile National Bank of Miami Beach to Charles J. Steingold and wife and Stuart Steingold and his wife, covering the property in question.
The trial court denied the plaintiff’s claim of equitable lien, and entered judgment in favor of the plaintiff on the promissory notes against the corporation and the endorser Charles J. Steingold. The plaintiff appealed, and the corporation and Steingold filed cross assignments of error.
Appellant Fixel contended the trial court erred in denying his claim to an equitable lien on the property of the Stein-golds, as security for plaintiff’s loans to the corporation. By their cross assignments the corporation and Charles J. Steingold sought reversal of the judgment against them on the contention that the corporation’s actions were unauthorized and ultra vires.
On consideration of the latter contention in light of the record and briefs we find it to be without merit, and affirm the judgment against the corporation and Charles J. Steingold. We also affirm the ruling of the court rejecting the plaintiff’s claim of an equitable lien on the property owned by the Steingolds. As pointed out by appellees the plaintiff alleged an express agreement to supply security. However, the corporation did not own the property in question. The owners of the property, the Steingolds, made no written memorandum or undertaking to encumber their property as security for the corporation’s indebtedness. See § 725.01 and § 689.01 Fla.Stat., F.S.A.
Affirmed.